CARL I. S. MUELLER (SBN 294909)
*cmueller@mclitigation.com*
**MUELLER CHRISTENSEN LLP**
1304 El Prado Avenue, Suite F
Torrance, California 90501
T: (424) 376-3188 | F: (949) 269-6451

Attorneys for Defendants
DODGER TICKETS LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | BK Case No.: 8:23-bk-10571-SC<br><br>Chapter 11<br><br>AP Case No.: 8:25-ap-01278-SC |
| RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>DODGER TICKETS LLC, a Delaware Limited Liability Company and DOES 1 through 20, inclusive,<br><br>Defendants. | **DODGER TICKETS LLC'S ANSWER TO PLAINTIFF RICHARD A. MARSHACK'S ADVERSARY COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant, Dodger Tickets LLC, a Delaware Limited Liability Company ("Defendant"), by and through their undersigned counsel, hereby submit this Answer to the Adversary Complaint filed by Plaintiff, Richard A. Marshack (defined as "Trustee" or "Plaintiff"), and respond to the allegations as follows:



MUELLER CHRISTENSEN LLP
1304 El Prado Avenue, Suite F
Torrance, CA 90501

**STATEMENT OF JURISDICTION, NATURE OF PROCEEDIN, NATURE OF PROCEEDING, AND VENUE**

1. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, on that basis, denies them.

2. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, on that basis, denies them.

3. Defendant admits in part and denies in part the allegations contained in Paragraph 3 of the Complaint, specifically admitting that Validation Partners LLC transferred $89,250.00 to Defendant on or around January 14, 2022, in exchange for season tickets and ticket license for the Los Angeles Dodgers, and, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining facts asserted therein, denying them on that basis.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, on that basis, denies them.

6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, on that basis, denies them.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, on that basis, denies them.

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, on that basis, denies them.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, on that basis, denies them.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, on that basis, denies them.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, on that basis, denies them.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of

MUELLER CHRISTENSEN LLP
1304 El Prado Avenue, Suite F
Torrance, CA 90501

the allegations contained in Paragraph 13 of the Complaint and, on that basis, denies them.

14. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, on that basis, denies them.

15. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, on that basis, denies them.

16. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, on that basis, denies them.

17. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, on that basis, denies them. However, Defendant specifically denies the allegations to the extent the Court's ruling states that the order extending the statute of limitations is made "without prejudice" to parties who did not receive notice of the Trustee's motion to extend the state of limitation asserting a statute of limitations defense.

18. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, on that basis, denies them.

19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, on that basis, denies them.

20. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, on that basis, denies them.

21. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, on that basis, denies them.

22. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, on that basis, denies them.

23. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, on that basis, denies them.

24. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, on that basis, denies them.

25. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, on that basis, denies them.

MUELLER CHRISTENSEN LLP
1304 El Prado Avenue, Suite F
Torrance, CA 90501

26. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, on that basis, denies them.

27. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, on that basis, denies them.

28. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, on that basis, denies them.

29. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, on that basis, denies them.

30. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, on that basis, denies them.

31. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and, on that basis, denies them.

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and, on that basis, denies them.

33. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and, on that basis, denies them.

34. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and, on that basis, denies them.

35. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and, on that basis, denies them.

36. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and, on that basis, denies them.

37. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and, on that basis, denies them.

38. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and, on that basis, denies them.

39. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and, on that basis, denies them.

MUELLER CHRISTENSEN LLP
1304 El Prado Avenue, Suite F
Torrance, CA 90501

MUELLER CHRISTENSEN LLP
1304 El Prado Avenue, Suite F
Torrance, CA 90501

40. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and, on that basis, denies them.

41. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and, on that basis, denies them.

42. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and, on that basis, denies them.

43. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and, on that basis, denies them.

44. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and, on that basis, denies them.

45. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and, on that basis, denies them.

46. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint and, on that basis, denies them.

47. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and, on that basis, denies them.

48. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint and, on that basis, denies them.

49. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and, on that basis, denies them.

50. Defendant admits in part and denies in part the allegations contained in Paragraph 50 of the Complaint, specifically admitting that Validation Partners LLC transferred $89,250.00 to Defendant on or around January 14, 2022, in exchange for season tickets and a ticket license for the Los Angeles Dodgers, and denying the remaining facts asserted therein.

51. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint and, on that basis, denies them.

52. Defendant admits in part and denies in part the allegations contained in Paragraph 52 of the Complaint, specifically admitting that Defendant did not transfer the purchased Los Angeles

Dodgers tickets and a ticket license to the Debtor, specifically, and denying the remaining facts asserted therein.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant admits in part and denies in part the allegations contained in Paragraph 55 of the Complaint, specifically admitting that Plaintiff's counsel sent a letter as to the Transfer on July 28, 2025, but denying to the extent that the letter also requested information as to additional transactions.

56. Defendant admits in part and denies in part the allegations contained in Paragraph 56 of the Complaint, specifically admitting that Defendant provided information of the purchase of Los Angeles Dodgers tickets and a ticket license to counsel for the Debtor, and denying the remaining facts asserted therein.

57. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint and, on that basis, denies them.

MUELLER CHRISTENSEN LLP
1304 El Prado Avenue, Suite F
Torrance, CA 90501

**<u>First Claim for Relief</u>**

**Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer**

**11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07**

**(Against all Defendants)**

58. Defendant incorporates by reference all prior responses to paragraphs 1-56 herein, and realleges those responses as though forth in full.

59. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint and, on that basis, denies them.

60. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and, on that basis, denies them.

61. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint and, on that basis, denies them.

62. Defendant lacks sufficient knowledge or information to form a belief as to the truth of

MUELLER CHRISTENSEN LLP
1304 El Prado Avenue, Suite F
Torrance, CA 90501

the allegations contained in Paragraph 62 of the Complaint and, on that basis, denies them.

63. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint and, on that basis, denies them.

64. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and, on that basis, denies them.

65. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint and, on that basis, denies them.

66. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint and, on that basis, denies them.

67. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint and, on that basis, denies them.

68. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint and, on that basis, denies them.

69. Defendant admits in part and denies in part the allegations contained in Paragraph 63 of the Complaint, specifically admitting that Defendant did not transfer the purchased Los Angeles Dodgers tickets and a ticket license to the Debtor, specifically, and denying the remaining facts asserted therein.

70. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint and, on that basis, denies them.

71. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint and, on that basis, denies them.

72. Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74. Defendant denies the allegations contained in Paragraph 74 of the Complaint.

/ / /

/ / /

/ / /

/ / /

**Second Claim for Relief**

**Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer**

**11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04(a)(2), 3439.05 and 3439.07**

**(Against all Defendants)**

75. Defendant incorporates by reference all prior responses to paragraphs 1-56 herein, and realleges those responses as though forth in full.

76. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint and, on that basis, denies them.

77. Defendant admits in part and denies in part the allegations contained in Paragraph 77 of the Complaint, specifically admitting that Defendant did not transfer the purchased Los Angeles Dodgers tickets and a ticket license to the Debtor, specifically, and denying the remaining facts asserted therein.

78. Defendant admits in part and denies in part the allegations contained in Paragraph 78 of the Complaint, specifically admitting that Defendant did not transfer the purchased Los Angeles Dodgers tickets and license to the Debtor, specifically, and denying the remaining facts asserted therein.

79. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint and, on that basis, denies them.

80. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint and, on that basis, denies them.

81. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint and, on that basis, denies them.

82. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint and, on that basis, denies them.

83. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint and, on that basis, denies them.

84. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint and, on that basis, denies them.

MUELLER CHRISTENSEN LLP
1304 El Prado Avenue, Suite F
Torrance, CA 90501

85. Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86. Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87. Defendant denies the allegations contained in Paragraph 87 of the Complaint.

**<u>Third Claim for Relief</u>**

**Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer**

**11 U.S.C. §§ 548(a)(1)(A), 550 & 551**

**(Against all Defendants)**

88. Defendant incorporates by reference all prior responses to paragraphs 1-56 herein, and realleges those responses as though forth in full.

89. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint and, on that basis, denies them.

90. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint and, on that basis, denies them.

91. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint and, on that basis, denies them.

92. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint and, on that basis, denies them.

93. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint and, on that basis, denies them.

94. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint and, on that basis, denies them.

95. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint and, on that basis, denies them.

96. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint and, on that basis, denies them.

97. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint and, on that basis, denies them.

MUELLER CHRISTENSEN LLP
1304 El Prado Avenue, Suite F
Torrance, CA 90501

98. Defendant admits in part and denies in part the allegations contained in Paragraph 98 of the Complaint, specifically admitting that Defendant did not transfer the purchased Los Angeles Dodgers tickets and a ticket license to the Debtor, specifically, and denying the remaining facts asserted therein.

99. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint and, on that basis, denies them.

100. Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101. Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102. Defendant denies the allegations contained in Paragraph 102 of the Complaint.

**<u>Fourth Claim for Relief</u>**

**Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer**

**11 U.S.C. §§ 548(a)(1)(B), 550 & 551**

**(Against all Defendants)**

103. Defendant incorporates by reference all prior responses to paragraphs 1-56 herein, and realleges those responses as though forth in full.

104. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint and, on that basis, denies them.

105. Defendant admits in part and denies in part the allegations contained in Paragraph 105 of the Complaint, specifically admitting that Defendant did not transfer the purchased Los Angeles Dodgers tickets and a ticket license to the Debtor, specifically, and denying the remaining facts asserted therein.

106. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint and, on that basis, denies them.

107. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint and, on that basis, denies them.

108. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint and, on that basis, denies them.

MUELLER CHRISTENSEN LLP
1304 El Prado Avenue, Suite F
Torrance, CA 90501

109. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint and, on that basis, denies them.

110. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint and, on that basis, denies them.

111. Defendant denies the allegations contained in Paragraph 111 of the Complaint.

112. Defendant denies the allegations contained in Paragraph 112 of the Complaint.

113. Defendant denies the allegations contained in Paragraph 113 of the Complaint.

**<u>Fifth Claim for Relief</u>**

**Disallowance of Claim**

**11 U.S.C. § 502(d)**

**(Against all Defendants)**

114. Defendant incorporates by reference all prior responses to paragraphs 1-56 herein, and realleges those responses as though forth in full.

115. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint and, on that basis, denies them.

116. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint and, on that basis, denies them.

117. Defendant denies that Plaintiff is entitled to any of the relief sought in the "Prayer" section, including paragraphs 1-15 therein.

**<u>AFFIRMATIVE DEFENSES AND AFFIRMATIVE DEFENSES</u>**

As separate and distinct affirmative defenses to the Adversary Complaint, Defendant alleges as follows:

**<u>First Affirmative Defense: Failure to State a Claim</u>**

118. Plaintif's Complaint fails to state a claim against Defendant upon which relief can be granted.

MUELLER CHRISTENSEN LLP
1304 El Prado Avenue, Suite F
Torrance, CA 90501

**Second Affirmative Defense: Statute of Limitations**

119. Plaintiff's Complaint and all causes of action therein are barred by the statute of limitations as set out in, at least, 11 USC § 546.

**Third Affirmative Defense: Good Faith Transferee**

120. Plaintiff's Complaint and all causes of action therein are barred because Defendant is a good faith transferee taking for value without knowledge of the voidability of the transfer and/or was an immediate or mediate good faith transferee pursuant to 11 USC § 550(b).

**Fourth Affirmative Defense: Reasonably Equivalent Value**

121. Plaintiff's Complaint and all causes of action therein are barred, in whole or in part, because Defendant provided reasonably equivalent value in exchange for the transfer, pursuant to 11 USC § 548.

**Fifth Affirmative Defense: Setoff**

122. Plaintiff's Complaint and all causes of action therein are barred, in whole or in part, because Defendant is entitled to a setoff on any damages suffered, if any damages were suffered, including but not limited to as allowed under 11 USC § 553.

**Sixth Affirmative Defense: Ordinary Course of Business**

123. Plaintiff's Complaint and all causes of action therein are barred because the transfer at issue occurred as part of the ordinary course of business.

**Seventh Affirmative Defense: Double Recovery**

124. Plaintiff's Complaint and all causes of action therein are barred, in whole or in part, because the Plaintiff already recovered the funds at issue herein, as set out in 11 USC § 550(d).

**Eighth Affirmative Defense: Intervening/Superseding Cause**

125. Defendant alleges that the damages allegedly sustained by Plaintiff and/or Debtor giving rise to this claim were the direct and proximate result of the intervening and superseding actions of third parties, not the Defendant, including but not limited to, the Debtor.

**Ninth Affirmative Defense: Laches**

126. Plaintiff's Complaint and each cause of action therein is barred by the doctrine of laches.

MUELLER CHRISTENSEN LLP
1304 El Prado Avenue, Suite F
Torrance, CA 90501

MUELLER CHRISTENSEN LLP
1304 El Prado Avenue, Suite F
Torrance, CA 90501

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury on all issues triable by a jury.

**Prayer for Relief**

WHEREFORE, Defendant(s) respectfully request that this Court:

1. Dismiss the Adversary Complaint with prejudice;
2. Award Defendant(s) their costs and attorney's fees incurred in defending this action; and
3. Grant such other and further relief as the Court deems just and proper.

**Reservation of Rights**

Defendant(s) reserve the right to amend this Answer to assert additional defenses or counterclaims as may become appropriate during the course of this proceeding.

Date: October 31, 2025

**MUELLER CHRISTENSEN LLP**

By: ______________________________
Carl I. S. Mueller, Esq.
Attorneys for Defendants,
DODGER TICKETS LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**1304 El Prado Avenue, Suite F, Torrance, California 90501**

A true and correct copy of the foregoing document entitled (*specify*): **DODGER TICKETS LLC'S ANSWER TO PLAINTIFF RICHARD A. MARSHACK'S ADVERSARY COMPLAINT AND DEMAND FOR JURY TRIAL**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 31, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- ATTORNEYS FOR PLAINTIFF: Aaron E. De Leest adeleest@marshackhays.com, adeleest@marshackhays.com, alinares@ecf.courtdrive.com
- ATTORNEYS FOR PLAINTIFF: Chad V Haes chaes@marshackhays.com, chaes@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com; cmendoza@marshackhays.com; alinares@ecf.courtdrive.com; spineda@marshackhays.com
- ATTORNEYS FOR PLAINTIFF: D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; alinares@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- PLAINTIFF: Richard A Marshack (TR) pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- U.S. TRUSTEE: United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **October 31, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Via Personal Delivery
PRESIDING JUDGE'S COPY
Honorable Scott C. Clarkson
Bin beside 5th Floor Elevators
U.S. Bankruptcy Court, Ronald Reagan Federal Building
411 West Fourth Street
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/31/2025 | Marilyn Vigil | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |